JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Peter Conlon appeals from the sentence imposed upon him after he entered guilty pleas to the crimes of murder and aggravated arson.
{¶ 2} Appellant asserts the trial court failed to make the necessary statutory findings prior to imposing near-maximum terms for his aggravated arson convictions and then ordering those terms to be served consecutively. This court disagrees. Appellant's sentences, therefore, are affirmed.
{¶ 3} Appellant originally was indicted in this case on seven counts as follows: 1) aggravated murder, R.C. 2903.01, with two firearm specifications; 2), and 3) and 4) aggravated arson, R.C. 2909.02 (A)(2) and (A)(1);[1] 5) attempted murder, R.C. 2923.02/2903.02; 6) domestic violence, R.C. 2919.25; and 7) aggravated arson, R.C. 2909.02(A)(1).[2]
Count two pertained to a structure located at 3386 West 135th Street in Cleveland, Ohio. The remaining aggravated arson counts pertained to appellant's former wife and two young grandchildren.
{¶ 4} After being found both competent to stand trial and sane at the time of the offenses, appellant entered into a plea agreement with the state. The prosecutor outlined the agreement for the trial court at the plea hearing.
{¶ 5} The prosecutor informed the trial court that in exchange for the state's amendment of count one to a charge of murder with only the three-year firearm specification, and the state's dismissal of both the domestic violence charge and the aggravated arson charge that related to the structure, appellant would enter guilty pleas to the remainder of the indictment as amended. Moreover, appellant had agreed to accept that the sentence as to at least one of the aggravated arson counts would be served consecutively; he would accept the trial court's decision with regard to the rest of the counts.
{¶ 6} The trial court ensured that all parties understood the arrangement before conducting a careful colloquy with appellant. Thereafter, the trial court accepted appellant's pleas of guilty to the four counts as amended and found him guilty of the charges. Appellant at that point was referred to the probation department for the preparation of a presentence report.
{¶ 7} The trial court called appellant's case for sentencing a month later. It initially stated it was aware appellant previously had not served a prison sentence, so that as to appellant's convictions for aggravated arson, "the starting point for all of these sentences is a minimum term." This statement led the trial court to conduct a review of appellant's criminal record.
{¶ 8} The court noted appellant apparently had a "history of domestic violence" that had been exacerbated by his abuse of alcohol "on a regular basis" for forty-five years. The court further noted several statutory recidivism factors were present, whereas the report indicated favorably toward appellant only that his lack of actual convictions made him appear to be "law-abiding."
{¶ 9} The court then considered the seriousness of the aggravated arson offenses committed by appellant. These included the ages of the minor victims, who were five and two at the time, the fact that the children suffered psychological harm, and the fact that the children were appellant's own grandchildren. The court noted the lack of factors that indicated appellant's crimes were of a less serious nature.
{¶ 10} Three of appellant's family members addressed the trial court at that point in the proceeding. In particular, appellant's daughter gave a detailed description of family life with appellant, what had occurred on the night appellant killed her mother, and the way in which appellant's actions of that night had affected her children.
{¶ 11} After hearing from the prosecutor, defense counsel, and appellant, the trial court pronounced sentence. Appellant was sentenced to terms of incarceration as follows: three years for the firearm specification, to be served prior to and consecutively with fifteen-years to life for the murder conviction; and nine years on each aggravated arson conviction, to be served consecutively with each other and with the terms for the murder with a firearm conviction.
{¶ 12} Appellant presents two assignments of error for review, which state:
 {¶ 13} THE TRIAL COURT ERRED IN REJECTING THE PRESUMPTIVE MINIMUM SENTENCE FOR THE DEFENDANT, WHO HAS SERVED NO PRIOR PRISON TERM, WITHOUT MAKING THE STATUTORILY REQUIRED FINDINGS.
 {¶ 14} THE COURT ERRED BY ORDERING THE DEFENDANT TO SERVE CONSECUTIVE SENTENCES WHEN THE FINDINGS REQUIRED BY LAW WERE NOT SUPPORTED BY THE RECORD.
{¶ 15} Appellant argues the trial court failed to comply with statutory requirements in sentencing him to near-maximum and consecutive terms for aggravated arson. Appellant is incorrect.
{¶ 16} R.C. 2929.14(B) states in pertinent part:
 {¶ 17} * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
{¶ 18} In this case, the trial court acknowledged the foregoing requirement at the outset of appellant's sentencing hearing. It stated its awareness that appellant's record indicated he previously had not served a prison sentence as contemplated by R.C. 2929.14(B). When actually pronouncing sentence, the trial court in this context began by stating:
 {¶ 19} * * * Now, on each of counts three, four and seven, which are first degree felonies, these are the three aggravated arson charges. He is sentenced to nine years in the Lorain Correctional Institution. I find that the presumption in favor of prison was not overcome. And even when you add the one or two recidivism factors that [Defense Counsel] suggested, it is still true, that the factors in favor of recidivism, still outweighs the maximum factors cutting against the possibility of future crimes. The factors indicating, this is the more serious of crimes, still outweigh the factors indicating, it is less serious of the crime. So, he has to get a prison sentence.
{¶ 20} The foregoing demonstrates the trial court did not directly reference the required findings prior to deviating from the minimum terms; there is no indication at this point in the hearing the trial court "decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." State v. Edmonson (1999),86 Ohio St.3d 324 at 326; cf., State v. Maynard (July 12, 2001), Cuyahoga App. No. 78167.
{¶ 21} Nevertheless, appellant's first assignment of error cannot be sustained, because a review of the record in addressing his second assignment of error demonstrates the trial court proceeded thereafter to fulfill each of its statutory duties. Although appellant argues the trial court failed adequately to comply with R.C. 2929.14(E)(4) in that did not provide its reasons for imposing consecutive terms for the aggravated arson offenses, contending the harm caused by his aggravated arsons was neither great nor "unusual as contemplated by R.C. 2929.14(E)(4)(b), his argument is unsupported.
{¶ 22} The trial court in this case complied with the relevant portions of the statutes by stating:
 {¶ 23} Now, in order to impose consecutive sentences, the law also provides that even, that is not enough. I have to be able to make another finding. And I am able to make that additional finding. Namely, that the harm caused by these multiple offenses, these aggravated arsons, was so great or unusual, no single prison term for any of the offenses committed, even though committed as part of a single course from the conduct, would adequately reflect the seriousness of the offender's conduct.
 {¶ 24} We have, of course, the resulting death to Mary Conlon. We have, of course, the probable permanent life and psychological changes on these two small children by being the victims that they were that day, and these arsons being committed in the home. And only to see more violence and more blood shed.
{¶ 25} The record thus supports a conclusion the relevant statutory findings were made,[3] and, moreover, supports the trial court's analysis. Appellant's actions in pouring an accelerant on every means of egress caused his former wife to place her grandchildren at great risk in order to remove them from the home. Once outdoors, the grandchildren became fully exposed to witnessing their grandfather execute their grandmother.
{¶ 26} Additionally, the trial court had heard the children's mother and received a report from the children's psychologist, both of which detailed the mental and emotional effects upon the children of appellant's attempt to burn down the home with them inside. Appellant's second assignment of error, therefore, also is overruled. State v.Poelking (Apr. 11, 2002), Cuyahoga App. No. 78697.; State v. Montgomery
(June 8, 2000), Cuyahoga App. No. 76244.
Appellant's sentences of nine years for each count of aggravated arson are affirmed.
This cause is affirmed.
It is ordered that appellant pay the costs herein taxed.
The Court find there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and (Concurs in Judgment Only) TERRENCEO'DONNELL, J. CONCUR
[1] The indictment references the wrong statute; however, that fact was neither brought to the trial court's attention nor is raised as an issue on appeal.
[2] See footnote 1.
[3] To determine otherwise would both elevate form over substance and detract from the trial court's obviously careful consideration of the circumstances surrounding the offense in light of the applicable statutory factors.